IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:02-216-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| William Young, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion to vacate filed in this court pursuant to 28 U.S.C. § 2255. ECF No. 116. Defendant invokes § 2255(f)(3) to argue he is entitled to relief pursuant to the recent Supreme Court decision in *Burrage v. United States*, 571 U.S. __, 134 S. Ct. 881 (2014).

In April 2014, Defendant filed a motion for relief under § 2255 in this court based upon *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276 (2013). On June 24, 2014, this court granted summary judgment to the Government on Defendant's previously filed motion for relief under § 2255. *See* Opinion and Order, ECF No. 105.

Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . .").

The requirement of securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission in the Fourth Circuit Court of

1

Appeals prior to filing this § 2255 motion is fatal to any action in this court. This motion is dismissed as this court is without jurisdiction to consider it.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 28, 2015