IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:02-216-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| William Young, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion for reconsideration.  ECF No. 119.  Defendant argues that this court incorrectly dismissed his previously-filed § 2255 motion as a second or successive motion and that 28 U.S. § 2255(f)(3) provides a door through which he is entitled to receive relief pursuant to the recent Supreme Court decision in *Burrage v. United States*, 571 U.S. __, 134 S. Ct. 881 (2014).[1]

Section 2255(f)(3) states that the one-year period of limitation shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Thus it is clear that to provide relief under extended limitation period of § 2255(f)(3), a right newly recognized by the Supreme Court must be retroactively available to cases on collateral review.

In *Burrage*, the Supreme Court interpreted the "death results" enhancement set forth in 21 U.S.C. § 841(b)(1)(C), and held that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. 841(b)(1)(C) unless such use is a but-for cause of the death or injury." 571 U.S. at __, 134 S. Ct at 892.  The Supreme Court ruled

---

[1]In April 2014, Defendant filed a motion for relief under § 2255 in this court based upon *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276 (2013).   On June 24, 2014, this court granted summary judgment to the Government on Defendant's previously filed motion for relief under § 2255.  *See* Opinion and Order, ECF No. 105.

1

that, "[b]ecause the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." 571 U.S. at __, 134 S. Ct at 887.

Several courts have found that *Burrage* did not announce a new rule of constitutional law and that, even if it had, the Supreme Court did not make *Burrage* retroactively applicable. *See, e.g.*, *United States v. Bourlier*, No. 3:14cv609, 2014 WL 6750674 at *2 (N.D. Fla. Dec. 1, 2014); *Powell v. United States*, No. 3:09–CV–2141, 2014 WL 5092762 at *2 (D. Conn. Oct. 10, 2014); *Ramseur v. United States*, No. 5:05–CR–00009–RLV–DCK–21, 2014 WL 4854642 (W.D.N.C. Sept. 29, 2014); *Alvarez v. Hastings*, No. CV214–070, 2014 WL 4385703 at *1 (S.D. Ga. Sep. 5, 2014); *De La Cruz v. Quintana*, No. 14–28–KKC, 2014 WL 1883707 at *6 (E.D. Ky. May 1, 2014); *Taylor v. Cross*, No. 14–CV–304, 2014 WL 1256371 at *3 (S.D. Ill. Mar. 26, 2014). The court finds itself in agreement with these courts and determines that *Burrage* does not trigger 28 U.S.C. § 2255(f)(3)'s application.

Moreover, *Burrage* was decided on January 27, 2014. Therefore, any claim Defendant seeks to assert under *Burrage* should have been included in the § 2255 motion he filed in this court on April 22, 2014, and Defendant's failure to do so makes the current attempt to seek relief under *Burrage* successive.

Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 2, 2015